## HELO v. LYONS.
### No. 1003.

Court of Appeal of Louisiana.  First Circuit.

June 30, 1932.

Percy T. Ogden and N. S. Hoffpauir, both of Crowley, for appellant.

Chappuis & Chappuis, of Crowley, for appellee.

ELLIOTT, J.

Sahil Helo was struck and seriously injured by a motortruck belonging to Dave Lyons, while being operated on the streets of Crowley and while being driven by Henry Griffen.

Kalil Helo, his father, brings this suit for damages against Dave Lyons on account of the injury done to his son, claiming of him $395 for his own use and benefit and $7,500 for the use and benefit of his son, a total of $7,895.

He alleges that his son was injured as the result of the gross fault and negligence of said Griffen in driving the truck belonging to said Lyons, and that said Lyons is responsible for all damages thereby sustained.

The defendant for answer admits that plaintiff's son was struck and injured by his motor-truck while being driven by said Griffen, but denies all of the charges of fault and negligence made against the driver of his truck. He at first denies that Henry Griffen was in his employ at the time in question, but in the last article of his answer he makes statements from which it is a proper inference that the driver of the truck was in his service at the time, and bases his defense on the ground that plaintiff's son was injured as a result of his own fault and negligence, and that the striking was unavoidable on the part of the driver of his truck.  Then, denying that the driver of his truck was guilty of any negligence, he alleges alternatively, in case it is found that he was negligent, that plaintiff's son was also negligent, and that the negligence of plaintiff's son was the proximate cause of his own injury.

The lower court, for written reasons stated at length, rendered judgment rejecting plaintiff's demand.  The plaintiff has appealed.

It is not contended in defendant's brief that he was not responsible for the act of the driver.  His answer practically admits that the truck driver was in his service at the time.  We therefore conclude that there is no dispute as to defendant's responsibility for the act of his truck driver; that the questions in the case are, whether defendant's driver was at fault for the accident, and, if so, was plaintiff's son, who was about 11 years old at the time, guilty of contributory negligence of such nature as to bar his recovery?  There is a conflict between the testimony of plaintiff's son and one witness called by him to support his contention, and a couple or more witnesses called by the defendant.

The accident occurred at the intersection of Eighteenth street and South Parkerson avenue in the city of Crowley.

Plaintiff's son had reached the seventh grade in school, and his testimony shows that he is a bright, intelligent boy, fully capable of taking care of himself as a witness on the stand, and of understanding the danger from automobiles at street intersections.

The accident occurred at about 11 o'clock a. m. on a clear day on an open street.  There was nothing to obscure the vision of either defendant's driver or plaintiff's son.

Plaintiff urgently contends that, due to the fact that the street view was not obstructed and it was broad open daylight, the truck driver, had he been duly observant, could and was bound to have seen plaintiff's son in time to have avoided striking him.  But it appears to us that the same reason which is urged as ground why the driver should have seen plaintiff's son is equally true as to plaintiff's son, and that the boy should have, and was bound to have, seen the truck close at hand, turn southward after making the intersection, if he had been duly observant, before entering the intersection himself with the view of crossing it.

The evidence shows that there had been a fire on the western side of the square in front of which plaintiff's son was injured.  Plaintiff's son had been to the fire and was going home.  Defendant had sent Henry Griffen in his truck to a neighborhood grocery store for the purpose of buying a couple of articles, intending that, after getting the articles, he should immediately return, but the driver, a negro man, after going to the store and getting the coffee and other things which he was sent to get, heard about the fire, so, instead of going back to defendant's place of residence, as he should have done, by the

nearest way, he went out of his way in order to pass where the fire was said to be, and met the people going east on Eighteenth street coming from the fire.

Plaintiff's son, upon reaching the intersection of Eighteenth street and South Parkerson avenue, testifies that, after he had looked up and down the street, seeing no car coming and hearing no warning sound, he started to walk straight across the street, and, upon reaching about the middle of the street, was struck by defendant's truck. He practically admits that, when he started across the street, he saw the truck close at hand, that it was about to run into him, and that he turned back and was struck as he turned back. His testimony on the subject is as follows:

"Q. Where were you when you first saw that automobile? A. In the middle of the street.

"Q. You first saw the car when you were in the middle of the street? A. Yes Sir.

"Q. And when you first saw the car what did you do? A. I tried to dodge it.

"Q. How did you try? A. I tried to back up and it was coming to me and it cut in and knocked me down.

"Q. Now, when you first saw the car did you stop or did you continue travelling east? A. No Sir, when I saw the car coming I came back and it cut in.

"Q. How you mean, it cut in? A. I was coming back.

"Q. You mean to say that you went back into the path of this coming car? A. He was right there and when I came back he hit me.

"Q. What do you mean, came back? A. I was backing and it came back and hit me.

"Q. Do I understand you to say you dodged the car? A. I tried to dodge it.

"Q. How did you try to dodge it? A. I ran back and it came in and hit me.

"Q. I do not understand you, my boy, explain how you dodged? A. I was in the middle of the street and when I saw him coming I came back and it hit me."

The same line of questioning and answers continues, but it is plain that the plaintiff's son means that he was in the street and saw the truck coming near at hand and turned back and was hit after he had turned back.

The evidence shows that defendant's truck had turned south in the intersection and was going at the time not faster than six or seven miles an hour.

Plaintiff's son says that he was going straight across the street, and denies that he was running.

Another witness called by the plaintiff supports his son, saying that the boy was walking and not running, but we are disposed to believe that this witness was not entirely disinterested and felt friendly to plaintiff's interest in the case. There is contention by defendant that he was not present, close at hand, and in position to see; but we feel that this is not established.

Two other witnesses called by defendant saw the accident when it took place, were close at hand, in position to see how it happened, and say that the boy was running diagonally across the street, and that he ran right in front of the truck as it slowly turned south in South Parkerson avenue; that the boy, after getting in front of it and so close to it as to be aware of his peril, turned back and undertook to reach the side of the street, which he had left, and in turning back got struck. But, according to these witnesses, the truck was so close at hand and going so slow that the boy was bound to have seen it when he started across the street, if he had been observant, and, according to these witnesses, the striking was unavoidable.

These witnesses appear to have no interest in the case one way or the other, and, according to what they say, the accident could not be helped on the part of the driver of defendant's truck.

The district judge heard the testimony of the witnesses before him, possibly knows them, and he believed the two witnesses who were called by the defendant, and held that defendant's driver was not at fault.

The boy's leg was badly broken, and he suffered severely, but we are informed by the physicians who testified in the case that the broken bones have united in such a way that his leg, at the time of the trial, was in almost as good condition as if it had never been broken and would further improve.

The plaintiff and defendant each cites authorities, but, being satisfied that defendant's driver was not at fault for the accident, it is not necessary to cite authority for holding that plaintiff can not recover.

The judgment appealed from is correct. Judgment affirmed; plaintiff and appellant to pay the cost in both courts.